# BERKE-WEISS LAW PLLC

950 Third Avenue • 32nd Floor • New York, NY 10022
212.888.2680
BerkeWeissLaw.com

May 1, 2016

VIA ECF
The Honorable Sandra J. Feuerstein
United States District Court for the Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

    Re:    **Louis v. Island Rehabilitative Services, Corp. et al.,**
             **Index No. 15-cv-01685- SJF-GRB**

Dear Judge Feuerstein:

    We represent the Defendants in this matter concerning claims of disability discrimination under the Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), and the Family Medical Leave Act ("FMLA"), and write to update you on the status of this matter and to seek relief due to Plaintiff's disregard of the Court's March 31, 2016 Order ("the March 31 Order").

    As described in Defendants' prior letter to Your Honor dated March 30, 2016, the parties' attorneys appeared before you during a March 7, 2016 Conference (the "March 7 Conference") wherein you gave the parties one month to obtain records from the Social Security Administration ("SSA") concerning Plaintiff's benefits. This time period was extended in the March 31 Order, as Defendants are still in the process of seeking information concerning Plaintiff's application for benefits, as well as recordings and transcripts from her hearing in front of Administrative Law Judge Patrick Kilgannon. The SSA's Office of General Counsel has suggested that we submit a so-ordered subpoena specifically requesting (1) Plaintiff's SSA hearing transcripts and recordings and (2) a missing exhibit concerning Plaintiff's alleged onset date of disability in order to expedite their release. As such, we respectfully request that Your Honor grant and so-order the enclosed subpoena.

    The March 31 Order also required Plaintiff to provide information concerning her workers' compensation benefits, *i.e.*, how long she has received benefits and total amounts received to date, by April 8, 2016. Your Honor had previously requested this information during the March 7 Conference, which Plaintiff's counsel, Steven Moser, agreed to provide. Since that conference, despite numerous attempts to contact Mr. Moser's office by telephone, mail, and e-mail, we have not received this information. Instead, on April 8, 2016, Plaintiff sent to our office a 912-page set of documents,

apparently comprised of documents released by the New York State Workers' Compensation Board pursuant to a request made by Mr. Moser's office on December 30, 2015. These documents were produced without any indication as to whether and where they contained the relevant information concerning benefits. When we asked for specifics, we were informed that the answer to our requests was somewhere within the 912 pages, but Plaintiff would not pinpoint any page numbers or specific amounts of benefits received. In fact, we believe these documents do not contain the requested information.

In October 2015, our office sent a similar request to the workers' compensation board, pursuant to a long sought-after signed authorization from Plaintiff. Afterward, we received and reviewed a set of workers' compensation documents very similar to that which Plaintiff produced on April 8, and determined that they did not include a complete picture of Plaintiff's workers' compensation benefits, thus necessitating further inquiry to Plaintiff. Rather than comply with the March 31 Order in a timely and concise manner, Plaintiff failed to provide the sought-after information – information that should have been easily ascertainable from her own payment records – and essentially asked Defendants to waste time and resources reviewing 912 pages of documents. Plaintiff has ignored our further requests for the originally requested information. This response fails to respond to the Court's Order.

Without clarity as to how much Plaintiff has been receiving in benefits, Defendants can neither accurately estimate the potential damages she may claim, nor ascertain whether Plaintiff's claim for compensatory damages has been offset by her Social Security and Workers' Compensation payments. This disregard of Plaintiff's discovery obligations is yet another example of the delay and obstruction that Plaintiff has demonstrated throughout this case. As such, pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, Defendants request that the Court strike any request for compensatory damages, front pay, and back pay from the Complaint.

Defendants request that a telephone conference be scheduled with Plaintiff's counsel and Your Honor prior to the scheduled May 12, 2016 in-person conference, in order to expedite resolution of this issue.

Respectfully submitted,

Laurie Berke-Weiss

LBW/mww
Enclosure
cc:    Steven J. Moser, Esq. (via ECF)
        Richard Tashjian, Esq. (via ECF)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Elizabeth Louis )
)
*Plaintiff* )
v. ) Civil Action No. 15-cv-01685 (SJF)(GRB)
Island Rehabilitative Services Corp., et al. )
)
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: United States
Social Security Administration

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material (1) Claimant Elizabeth Louis's Administrative Law Judge hearing tape and/or transcription of proceedings;
(2) Exhibit 11E of Claimant Elizabeth Louis's May 18, 2015 Decision by Administrative Law Judge Patrick Kilgannon

| Place: Berke-Weiss Law PLLC<br>950 Third Avenue, 32nd floor<br>New York, New York 10022 | Date and Time:<br>May 10, 2016, 12:00 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Island Rehabilitative Services Corp. and all other Defendants , who issues or requests this subpoena, are:
Laurie Berke-Weiss, Berke-Weiss Law PLLC, 950 Third Ave., 32nd fl, New York, NY 10022; laurie@berkeweisslaw.com; 212-888-2680

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).