# BERKE-WEISS LAW PLLC

950 Third Avenue • 32nd Floor • New York, NY 10022

212.888.2680

BerkeWeissLaw.com

August 15, 2016

VIA ECF
Hon. Sandra J. Feuerstein, U.S.D.J
United States District Court for the Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

      **Re:**    **Louis v. Island Rehabilitative Services, Corp. et al.,**
                **Index No. 15-cv-01685- SJF-GRB**

Dear Judge Feuerstein:

      We represent Defendants in this matter and write to request that the Declaration of Dr. Daniel C. Korman, M.D. (the "Declaration")[1], served on Defendants on August 8, 2016 as part of Plaintiff's Opposition to Defendants' Motion for Summary Judgment, be stricken from Plaintiff's Opposition.

      Dr. Korman purports to be a physician licensed to practice in the State of New York, having obtained his medical licensure in 1988. The Declaration recounts Dr. Korman's treatment of Plaintiff following Plaintiff's alleged July 31, 2012 injury. It includes medical diagnoses of ailments, conclusions as to the causes of those ailments, and expert opinions initiated by phrases such as "[i]n my opinion, with a reasonable degree of medical certainty . . .."

      The basis for the motion to strike is simple: Plaintiff never listed Dr. Korman as either a fact or expert witness on Plaintiff's Initial Disclosures or Supplemental Disclosures, in violation of Fed. R. Civ. P. 37. *See* Pl.'s Initial and Supp. Disclosures attached hereto as Ex. A. Whether serving as a fact or an expert witness, Dr. Korman's identity should have been disclosed during discovery. Such a failure not only makes his testimony inadmissible at trial, but also disqualifies such testimony from being considered on summary judgment. *See Borgognone v. Trump Plaza*, No. 98-CV-6139, 2000 WL 341135, at *2 (E.D.N.Y. Mar. 9, 2000) (granting motion for summary judgment and to exclude expert report, as "on a summary judgment motion, a district court properly considers only evidence that would be admissible at trial.").

---

[1] Since we are moving to strike the Declaration, we are not attaching it to this letter. We do not wish to prejudice the Court by submitting a Declaration which should not be before Your Honor.

BERKE-WEISS LAW PLLC

Hon. Sandra J. Feuerstein, U.S.D.J
August 15, 2016
Page 2 of 2

Pursuant to Fed. R. Civ. P. 37(c)(1), a party that fails to identify a witness as required by Rule 26(a) or (e) may nonetheless use that witness to supply evidence on a motion, at a hearing, or at a trial where such failure was "substantially justified or is harmless." Plaintiff, however, does not meet either of these qualifications.

The omission of Dr. Korman from the Initial Disclosures is not substantially justified. Dr. Korman began treatment of Plaintiff on August 7, 2012, well before this Action was even initiated. Accordingly, Plaintiff had ample time to consider the probative value of Dr. Korman's testimony before the close of discovery, having already included the names of three other doctors in her Initial Disclosures. Plaintiff also had the opportunity to supplement her Initial Disclosures on August 3, 2015, and added two fact witnesses, but not Dr. Korman. *See* Ex. A.

Plaintiff's failure to disclose Dr. Korman also cannot be considered "harmless." Defendants should have been afforded the right to challenge and depose Dr. Korman to determine whether he is a proper "expert" or a fact witness, and how he came to conclusions concerning Plaintiff's alleged ailments, the causes thereof, and his view of Plaintiff's physical capabilities.  As such, Plaintiff's submission of Dr. Korman's Declaration attesting to these facts and opinions prejudices Defendants.

Under similar circumstances, courts have granted motions to strike both expert and fact witness statements under Rule 37. *See Fleming v. Verizon New York Inc.*, 2006 WL 2709766, at *8-9 (S.D.N.Y. Sept. 22, 2006) (striking four fact witness declarations submitted in opposition to a summary judgment motion, finding that "Verizon would be prejudiced by the admission of these declarations, because it made its motion for summary judgment based on what it thought to be all the evidence accumulated in discovery.").

For all the above-mentioned reasons, Defendants respectfully request that this Court strike Dr. Korman's Declaration.

Respectfully submitted,

Laurie Berke-Weiss

cc:     Steven J. Moser, Esq. (via ECF)
        Richard Tashjian, Esq. via ECF)

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ELIZABETH LOUIS,

                         Plaintiff,

        -against-

ISLAND REHABILITATIVE SERVICES, CORP., et al.

                      Defendants.

Case No. 15-CV-01685

**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26**

Plaintiff, by her attorneys Steven J. Moser, P.C., in compliance with Rule 26(a)(1), states:

I.    INDIVIDUALS/ENTITIES LIKELY TO HAVE DISCOVERABLE INFORMATION THAT MAY BE USED TO SUPPORT PLAINTIFF'S CLAIMS

| Name and [if known] Address and Telephone No. | Subject of Information |
|---|---|
| Elizabeth Louis c/o Steven J. Moser, P.C. 3 School Street, Suite 207B Glen Cove, New York 11542 | All allegations in the complaint |
| Sumeer Sahti M.D. Long Island Neuroscience Specialists, LLC. 100 Hospital Road, Suite 216 East Patchogue, New York 11772 | Plaintiff's work related injuries |
| Christina Conciatori-Vaglica, D.O. 212 Fifth Ave Bay Shore, New York 11706 | Plaintiff's mental state |
| Peter Kanaris, Ph. D. 496 Smithtown By-Pass, Suite 304 Smithtown, New York 11787 | Plaintiff's Mental State |
| Morton Kleiner 475 Seaview Ave Staten Island, NY 10305 | All allegations in the complaint |

| | |
|---|---|
| Laura Lupo<br>Island Computer Billing Services<br>97 New Dorp Lane, Suite A<br>Staten Island, NY 10306 | All allegations in the complaint |
| Karen Davidson<br>Island Rehabilitative Services<br>68 Hauppauge Road<br>Commack, NY 1725 | The circumstances of Plaintiff's<br>termination |
| Howard Kamelhar<br>Island Rehabilitative Services<br>68 Hauppauge Road<br>Commack, NY 1725 | The circumstances of Plaintiff's<br>termination |
| Jackie Marcin<br>Island Rehabilitative Services<br>68 Hauppauge Road<br>Commack, NY 1725 | Plaintiff's daily work conditions and<br>job performance |

## II.    CATEGORIES AND LOCATIONS OF DOCUMENTS

Pursuant to Federal and State Law, the defendant employers are under the obligation to maintain records of hours worked and wages paid.  The precise nature and extent of records kept is in the knowledge and custody of the defendants.

| **Category of Records** | **Location** |
|---|---|
| Earnings Statements, Wage and Hour<br>information | Within the Custody and Control of the<br>Defendant |
| Relevant Medical Reports | Steven J. Moser, P.C.<br>3 School Street, Suite 207B<br>Glen Cove, New York 11542 |

## III.    COMPUTATION OF DAMAGES

Annexed please find a preliminary computation of damages.

The plaintiff has suffered emotional damages and will be seeking punitive damages against all defendants.  Emotional distress and punitive damages on the basis that they are issues for the fact finder, and therefore are neither readily ascertainable nor subject to discovery mandates. E.E.O.C. v Wal-Mart Stores, Inc., 276 FRD 637, 639 (ED Wash 2011); See also *Anderson v. United Parcel Service*, 2010 WL 4822564, *10, note (D.Kan. Nov. 22, 2010)(Compiling cases).

Finally, in the event that the Plaintiff prevails she will be making an application for attorney's fees.   The amount of these fees is to be determined by the court.   Plaintiff will also be seeking prejudgment interest.

IV.     INSURANCE:

Not applicable.

***Plaintiffs reserve the right to supplement and/or amend these disclosures as more information becomes available.***

Dated: Glen Cove, New York
         June 5, 2015

                                    STEVEN J. MOSER, P.C.
                                    *Attorneys for Plaintiff*

                                    By:  Steven John Moser
                                    3 School Street, Suite 207B
                                    Glen Cove, New York 11542
                                    Tel: 516-671-1150
                                    Fax: 516-882-5420


TO:     Richard G. Tashjian
        Tashjian & Padian
        729 7th Avenue
        New York, New York  10019
        T: 212-319-9800
        F: 212-319-9883
        rtashjian@tashpad.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ELIZABETH LOUIS,

                           Plaintiff,

                      - against -

ISLAND REHABILITATIVE SERVICES, CORP. et al.

                        Defendants.

Case No. 15-CV-01685

**CERTIFICATION OF**
**SERVICE BY MAIL**

## CERTIFICATION OF SERVICE

The undersigned, STEVEN J. MOSER, counsel for the Plaintiff, hereby certifies that on June S, 2015, he caused a true and correct copy of   Plaintiff's Initial Disclosures Pursuant to Fed. R. Civ. P. 26, against all Defendants via first-class mail to the following:

Richard G. Tashjian
Tashjian & Padian
729 7th Avenue
New York, New York 10019
T: 212-319-9800
F: 212-319-9883
RTashjian@tashpad.com

Dated: Glen Cove, NY
      June S, 2015

Steven J. Moser, Esq.
*Attorney for Plaintiff*
3 School Street, Suite 207B
Glen Cove, New York 11542
P (516) 671-1150
F (516) 882-5420
smoser@moseremploymentlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELIZABETH LOUIS,

                        Plaintiff,

            -against-

ISLAND REHABILITATIVE SERVICES, CORP., et al.

                        Defendants.

Case No. 15-CV-01685

**PLAINTIFF'S FIRST AMENDED INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26**

Plaintiff, by her attorneys Steven J. Moser, P.C., in compliance with Rule 26(a)(1), states:

I.    INDIVIDUALS/ENTITIES LIKELY TO HAVE DISCOVERABLE INFORMATION THAT MAY BE USED TO SUPPORT PLAINTIFF'S CLAIMS

| Name and [if known] Address and Telephone No. | Subject of Information |
|---|---|
| Elizabeth Louis<br>c/o Steven J. Moser, P.C.<br>3 School Street, Suite 207B<br>Glen Cove, New York 11542 | All allegations in the complaint |
| Sumeer Sahti M.D.<br>Long Island Neuroscience Specialists, LLC.<br>100 Hospital Road, Suite 216<br>East Patchogue, New York 11772 | Plaintiff's work related injuries |
| Christina Conciatori-Vaglica, D.O.<br>212 Fifth Ave<br>Bay Shore, New York 11706 | Plaintiff's mental state |
| Peter Kanaris, Ph. D.<br>496 Smithtown By-Pass, Suite 304<br>Smithtown, New York 11787 | Plaintiff's Mental State |
| Morton Kleiner<br>475 Seaview Ave<br>Staten Island, NY 10305 | All allegations in the complaint |

| | |
|---|---|
| Laura Lupo<br>Island Computer Billing Services<br>97 New Dorp Lane, Suite A<br>Staten Island, NY 10306 | All allegations in the complaint |
| Karen Davidson<br>Island Rehabilitative Services<br>68 Hauppauge Road<br>Commack, NY 1725 | The circumstances of Plaintiff's<br>termination |
| Howard Kamelhar<br>Island Rehabilitative Services<br>68 Hauppauge Road<br>Commack, NY 1725 | The circumstances of Plaintiff's<br>termination |
| Jackie Marcin<br>Island Rehabilitative Services<br>68 Hauppauge Road<br>Commack, NY 1725 | Plaintiff's daily work conditions and<br>job performance |
| Kim McCormick, RN<br>Island Rehabilitative Services<br>68 Hauppauge Road<br>Commack, NY 1725 | Circumstances surrounding<br>Accommodations (excused from lifting<br>due to cosmetic surgery) |
| Takisha McMurrin<br>Island Rehabilitative Services<br>68 Hauppauge Road<br>Commack, NY 1725 | Circumstances surrounding<br>Accommodations (excused from lifting<br>due to cosmetic surgery) |

## II.    CATEGORIES AND LOCATIONS OF DOCUMENTS

Pursuant to Federal and State Law, the defendant employers are under the obligation to maintain records of hours worked and wages paid. The precise nature and extent of records kept is in the knowledge and custody of the defendants.

| Category of Records | Location |
|---|---|
| Earnings Statements, Wage and Hour<br>information | Within the Custody and Control of the<br>Defendant |
| Relevant Medical Reports | Steven J. Moser, P.C.<br>3 School Street, Suite 207B<br>Glen Cove, New York 11542 |

### III.    COMPUTATION OF DAMAGES

*Annexed to Plaintiff's Rule 26 Disclosures*

The plaintiff has suffered emotional damages and will be seeking punitive damages against all defendants.  Emotional distress and punitive damages on the basis that they are issues for the fact finder, and therefore are neither readily ascertainable nor subject to discovery mandates. E.E.O.C. v Wal-Mart Stores, Inc., 276 FRD 637, 639 (ED Wash 2011);  See also *Anderson v. United Parcel Service*, 2010 WL 4822564, *10, note (D.Kan. Nov. 22, 2010)(Compiling cases). Finally, in the event that the Plaintiff prevails she will be making an application for attorney's fees.  The amount of these fees is to be determined by the court.  Plaintiff will also be seeking prejudgment interest.

### IV.    ' INSURANCE:

Not applicable.

***Plaintiffs reserve the right to supplement and/or amend these disclosures as more information becomes available.***

Dated: Glen Cove, New York
       August 3, 2015

                              STEVEN J. MOSER, P.C.
                              *Attorneys for Plaintiff*


                              By:  Steven John Moser
                              3 School Street, Suite 207B
                              Glen Cove, New York 11542
                              Tel:  516-671-1150
                              Fax:  516-882-5420


TO:    Richard G. Tashjian
       Tashjian & Padian
       729 7th Avenue
       New York, New York  10019
       T: 212-319-9800
       F: 212-319-9883
       rtashjian@tashpad.com